UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ABDULLAH ALKHALIDI, )  | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-01392-JMS-TAB |
| ) | |
| R. PURCELL SGT., ) | |
| P. ARNOLD SGT., ) | |
| K. STONE OFFICER, ) | |
| B. PHILLIPS OFFICER, ) | |
| S. BURRIS OFFICER, ) | |
| GILSTRAP OFFICER, ) | |
| EWERS OFFICER, ) | |
| LAMB OFFICER, ) | |
| S. FLEENER LPN, ) | |
| LENNINGS NURSE, ) | |
| RICHARD BROWN, ) | |
| C. NICKOLSON LT., ) | |
| JERRY SNYDER, ) | |
| OTHER UNKNOWN DEFENDANTS, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Complaint, Denying Motion to Amend
and Directing Further Proceedings**

**I. The Complaint**

The complaint filed by counsel on August 23, 2014, alleges that 13 defendants, along with "other unknown defendants" violated the Alkhalidi's Eighth Amendment rights (as incorporated through the Fourteenth Amendment) and the Indiana Tort Claims Act while he was incarcerated at Wabash Valley Correctional Facility ("Wabash Valley").

These thirteen defendants did not include Case Manager Beverly Gilmore. *See Myles v. United States*, 416 F.3d 551 (7th Cir. 2005) (to make someone a party the plaintiff must specify

him in the caption and arrange for service of process; the court cannot add litigants on its own motion). Rule 10 of the Federal Rules of Civil Procedure states that the "title of the complaint must name all the parties. . . ." A "party" is "[o]ne by or against whom a lawsuit is brought." *See U.S. ex rel Eisenstein v. City of New York*, 129 S. Ct. 2230, 2234 (2009)) (citing Black's Law Dictionary 1154 (8th ed. 2004)). However, the plaintiff is now proceeding pro se and the proposed amended complaint along with the text of the original complaint make clear that Beverly Gilmore was intended as a defendant in this action. Accordingly, the original complaint is understood to include Beverly Gilmore as a defendant and the **clerk is directed** to update the docket to include this defendant.

The complaint alleges that on August 23, 2012, Alkhalidi's legs were shackled and his hands cuffed behind his back. His body was connected to a lead strap under the control of Sgt. P. Arnold. Sgt. Arnold pulled the strap causing Alkhalidi to fall head first against the floor and defendants Sgt. Arnold, Sgt. Purcell, and Officers Stone, Phillips, Burris, Gilstrap, Ewers and Lamb then struck, kicked and stomped on Alkhalidi causing injuries in violation of the Eighth Amendment and the Indiana Tort Claims Act.

Following the attack, defendants Nurses Fleener and Teresa Lennings (now Teresa Allen) observed or examined Alkhalidi but failed to provide him any medical attention in violation of the Eighth Amendment.

Superintendent Richard Brown, Lt. Nickolson, Jerry Snyder and Beverly Gilmore allegedly had supervisory authority at Wabash Valley and approved a policy and practice of correctional officers using excessive force against Alkhalidi and other offenders. These supervisory defendants allegedly failed to properly train correctional officers regarding the use of excessive force against offenders, all in violation of the Eighth Amendment.

Alkhalidi seeks injunctive relief from Superintendent Richard Brown, in his official capacity, to secure additional medical treatment. He also seeks compensatory and punitive damages as well as costs and fees.

## II. Motion to Amend

### A.

Now before the Court is the plaintiff's pro se motion to amend the complaint [dkt. 30] filed on April 24, 2015 (the date plaintiff placed the motion into institutional mail). See dkt. 40 (notice of mailing). The amended complaint seeks to add additional claims and defendants to this action. In addition to the fourteen defendants named in the original complaint (including defendant Gilmore), he names six new defendants. Two of these defendants are employed at Wabash Valley Correctional Facility. Three are employed at New Castle Correctional Facility and one is a statewide defendant. The new defendants include Correctional Officers Steve Carpenter, Chapman, and E. Shelly, as well as, Lt. Stormes, Warden Butts and Final Reviewing Authority Robert Bugher.

### B.

The defendants opposed the motion to amend. First, the defendants argue that the deadline for all motions for leave to amend the pleadings and/or to join additional parties has passed. But accepting the plaintiff's representations in his notice [dkt. 40] as true, the motion to amend was filed prior to the April 27, 2015, deadline. Pursuant to the "prison mailbox rule," a pro se prisoner's complaint is deemed filed when it is handed over to prison staff for mailing, not on the date it is received by the clerk of the court (which in this case was April 30, 2015). *See Houston v. Lack,* 487 U.S. 266, 275-76 (1988); *Ingram v. Jones,* 507 F.3d 640, 643-45 (7th Cir. 2007); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). The motion is therefore considered timely.

Rule 15(a) of the Federal Rules of Civil Procedure states that "leave shall be freely given when justice so requires," but the Court will not allow the plaintiff to amend his complaint when to do so would be futile. *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993) (citations omitted). The defendants argues that that is the case here. First, they argue that the new allegations all relate to disciplinary charges, conduct hearings, and the grievance and appeals processes, and all are unrelated to the incident, which is the subject of his Complaint. In support of this conclusion, the defendants note that three of the newly proposed Defendants (Stormes, E. Shelly, and Butts) are employees of New Castle Correctional Facility, and thus, could not have been involved in the incident which is the subject of the Complaint, which occurred at Wabash Valley Correctional Facility. In addition, they argue, the allegations relating to the grievance or appeals processes are not appropriate subjects for this cause of action and are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997) (finding § 1983 action alleging due process violations for procedures used in disciplinary hearing that resulted in deprivation of good-time credits where prisoner's claim of deceit and bias on part of hearing officer necessarily implied invalidity of disciplinary conviction should be dismissed).

### C.

"Although leave to amend a complaint should be freely granted when justice so requires, . . . the district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Phamacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001). "An amendment is futile if the added claim would not survive a motion for summary judgment." *Id.*, 241 F,3d at 861. Allowing the newly added claims are defendants to proceed would be futile for the reasons set forth below.

The claims alleged against Correctional Officer Steve Carpenter or Correctional Officer Chapman are subject to dismissal because there is no allegation of wrongdoing on their part. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994)(district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution).

The amended complaint alleges that Alkhalidi's due process rights were violated based on the handling of his disciplinary charges. The amended complaint alleges that E. Shelly allegedly failed to call two witnesses requested by Alkhalidi during the screening of his disciplinary action. Lt. Storms allegedly failed to provide Alkhalidi with the video evidence he requested. Warden Butts and Final Reviewing Authority Robert Bugher allegedly denied Alkhalidi's administrative appeals of his disciplinary conviction. In addition Bugher alleged retaliated against Alkhalidi by imposing sanctions which included punitive segregation and the loss of earned credit time.

These allegations fail to state a claim upon which relief may be granted. "Even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006) (quoting *McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999); *see also Hanrahan v. Lane,* 747 F.2d 1137, 1141 (7th Cir. 1984) ("We find that an allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell*, [418 U.S. 539, 558 (1974)] are provided."); *Newsome v. McCabe,* 256 F.3d 747, 751-

52 (7th Cir. 2001) (holding that no federal constitutional claim – in particular none premised on substantive due process – exists for "malicious prosecution"). Further, merely being placed in a disciplinary unit, or being confined under conditions more onerous than conditions in other housing unit of the jail, does not violate the guarantee of due process. *Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011).

Finally, the complaint alleges that as a result of the defendants' actions he was ultimately sanctioned with the loss of 270 days of earned credit time. Such a claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which "forbids a prisoner in his civil rights case to challenge a finding in his criminal or prison-discipline case that was essential to the decision in that case; if he insists on doing that, the civil rights case must be dismissed." *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (citing *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)).

Because the proposed amendments to the Complaint are futile, the motion to amend [dkt. 30] is **denied.**

### III.  Service of Process

The Entry of April 6, 2015, noted that four defendants have not appeared by counsel and there is no evidence that they have been properly served. These defendants include 1) "other unknown defendants," 2) S. Fleener, 3) B. Phillips, and 4) K. Stone. Alkhalidi was given the opportunity to show cause why these defendants should not be dismissed consistent with Rule 4(m) of the Federal Rules of Civil Procedure. In response Alkhalidi argues that he is now pro se and requires the Court's assistance in serving the defendants. He also provided additional details regarding where service could be effected.

Given the inclusion of Beverly Gilmore as a defendant and the plaintiff's incarcerated status, the **clerk is designated,** pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on

the defendants 1) Beverly Gilmore; and ) S. Fleener, in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

Consistent with the Entry of April 6, 2015, "other unknown defendants," are **dismissed** without prejudice pursuant to Rule 4(m). In addition, "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed.R.Civ.P.* 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Counsel for the Indiana Department of Corrections, through defendant Superintendent Richard Brown, in his Official Capacity, is ordered to provide the last known addresses for former employees, defendants B. Phillips and Kenneth Stone. These addresses may be filed under seal and should be submitted within 28 days from the date this Entry is docketed.

### IV. Conclusion

The **clerk is directed** to add Beverly Gilmore as a defendant on the docket.

The motion to amend [dkt. 30] is **denied.**

The complaint has been screened pursuant to 28 U.S.C. § 1915A and shall proceed as submitted with one exception: the "other unknown defendants" are **dismissed.** The **clerk is directed** to terminate this defendant on the docket.

The **clerk is designated** to issue and serve process on the defendants Beverly Gilmore and S. Fleener.

The **Indiana Department of Corrections** is **ordered** to provide the last known addresses for former employees, defendants B. Phillips and Kenneth Stone.

**IT IS SO ORDERED.**

Date: _____07/01/2015_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Beverly Gilmore
849 W. Washington St.
Sullivan, IN  47882

S. Fleener
205 Sunrise Dr.
Allen Dale, IL  62410

All Electronically Registered Counsel

ABDULLAH ALKHALIDI
DOC # 104113
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362